1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **SOUTHERN DISTRICT OF CALIFORNIA**
9

10 VICTORIA L. SANTOS,                           Civil No.      12CV1547 (JLS) RBB

11                                Petitioner,
                                               **ORDER (1) DENYING IN FORMA**
12            v.                               **PAUPERIS APPLICATION AND**
                                               **(2) DISMISSING CASE WITHOUT**
13 R. DAVIS, Warden,                           **PREJUDICE**

14                                Respondent.

15        On June 22, 2012, Petitioner, a state prisoner proceeding pro se,  filed a Petition for

16 Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Pet., ECF No. 1)  On June 26, 2012,

17 this Court dismissed the petition because Petitioner failed to satisfy the filing fee

18 requirement, failed to name a proper respondent, failed to sign the petition, and failed to

19 allege exhaustion of state judicial remedies.  (Order, ECF No. 2)  Petitioner was instructed

20 that to have this case reopened she had to (1) pay the filing fee or provide adequate proof of

21 her inability to pay and (2) file a First Amended Petition which cured the pleading

22 deficiencies outlined in the Court's Order, no later than August 27, 2012.  On July 23, 2012,

23 Petitioner filed a First Amended Petition, (Am. Pet., ECF No. 3), along with a request to

24 proceed in forma pauperis ("IFP"), (IFP Mot., ECF No. 4).

25                        **REQUEST TO PROCEED IN FORMA PAUPERIS**

26        Petitioner's request to proceed IFP reflects a $90.00 balance in her prison trust

27 account.  The filing fee associated with this type of action is $5.00.  See 28 U.S.C. § 1914(a).

28 It appears Petitioner can pay the requisite filing fee.  Accordingly, the Court **DENIES** the

1  request to proceed IFP, and **DISMISSES** the case **WITHOUT PREJUDICE**.  Petitioner

2  may submit a copy of this Order along with the requisite fee no later than **October 17, 2012**,

3  to have the case reopened.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

5          In addition, Petitioner has again failed to allege exhaustion of state judicial remedies

6  in her First Amended Petition.  Habeas petitioners who wish to challenge either their state

7  court conviction or the length of their confinement in state prison must first exhaust state

8  judicial remedies.  28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133–34

9  (1987).  To exhaust state judicial remedies, a California state prisoner must present the

10  California Supreme Court with a fair opportunity to rule on the merits of every issue raised in

11  his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133–34.

12  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court,

13  how one or more of his or her federal rights have been violated.  The Supreme Court in

14  Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the

15  opportunity to correct alleged violations of prisoners' federal rights, they must surely be

16  alerted to the fact that the prisoners are asserting claims under the United States

17  Constitution."  Id. at 365–66.  For example, "[i]f a habeas petitioner wishes to claim that an

18  evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed

19  by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state

20  court."  Id. at 366.

21          As with her original Petition, nowhere in the First Amended Petition does Petitioner

22  allege that she raised her claims in the California Supreme Court.  Rather, Petitioner

23  indicates that she has not presented her claims to the highest state court.  (See Am. Pet. 5–14,

24  ECF No. 3)  Petitioner was informed in the Court's previous Order of dismissal that if she

25  has raised her claims in the California Supreme Court she must so specify because the burden

26  of proving that a claim has been exhausted lies with Petitioner.  Cartwright v. Cupp, 650 F.2d

27  1103, 1104 (9th Cir. 1981).

28  / / /

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because she has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

Based on the forgoing, the Court **DENIES** Petitioner's motion to proceed IFP and **DISMISSES** the First Amended Petition due to Petitioner's failure.  If Petitioner wishes to proceed with this action she must, **no later than October 17, 2012**, (1) pay the filing fee or provide adequate proof of her inability to pay <u>and</u> (2) file a Second Amended Petition which cures the pleading deficiency outlined in this Order.  Petitioner is cautioned that if she fails to do so on or before that date, and she still wishes to pursue her claims in this Court on federal habeas, she will be required to file a new habeas petition which will be given a new civil case number.

**IT IS SO ORDERED.**

DATED:  August 20, 2012

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

CC:          ALL PARTIES

-3-